United States District Court
Southern District of Texas
**ENTERED**
November 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TODD MAGUIRE *and* JULIENNE MAGUIRE, § § § § Plaintiffs, § § v. § § METROPOLITAN LLOYDS § INSURANCE COMPANY OF § TEXAS *and* BRANDON KAKER, § § Defendants. | Civil Action No: H-17-1693 |

## ORDER

Pending before the Court is Plaintiffs' Motion to Abstain and Remand (Document No. 6). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

### I.  BACKGROUND

This case involves an insurance dispute between Plaintiffs Todd and Julienne Maguire (collectively, the "Maguires") and Defendants Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") and Brandon Kaker ("Kaker") (collectively, "Defendants"). The dispute arises from a Texas homeowners insurance policy (the "Policy") the Maguires purchased from Metropolitan. The Maguires allege strong wind and hail caused significant damage to their residence in May 2016. The Maguires filed a claim under the

1

Policy with Metropolitan. In July 2016, Kaker, the insurance adjuster for Metropolitan, performed an inspection of the Maguires' residence. He estimated the damage amounted to $1,093.66 and concluded much of the damage the Maguires believed resulted from the storm was caused by normal wear and tear as well as damage from a previous claim. An independent adjuster ("Independent Adjuster") hired by the Maguires found damage totaling $33,805.28.

Based on the foregoing, on May 2, 2017, the Maguires filed suit in the 400th district court in Fort Bend County, Texas against Defendants, asserting claims for: (1) breach of contract, (2) violations of the Texas Insurance Code, (3) breach of duty of good faith and fair dealing, (4) violations of the Texas Deceptive Trade Practices Act, and (5) fraud. The Maguires alleged the following claims independently against Kaker: (1) noncompliance with the Texas Insurance Code, (2) violations of the Texas Deceptive Trade Practices Act, (3) fraud, (4) negligence, and (5) gross negligence. On June 6, 2017, Defendants removed the case to this Court. On June 26, 2017, the Maguires moved to abstain and remand.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). For a court to have jurisdiction based on diversity, there must be complete diversity of citizenship between the parties. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077,

1079 (5th Cir. 2008). However, a case can be removed despite a lack of complete diversity if a defendant is fraudulently joined solely to destroy diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). A removing party carries a heavy burden of proof when attempting to prove fraudulent joinder. *See e.g.*, *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. LAW & ANALYSIS

The parties agree Kaker is the only non-diverse party in this case, and that absent Kaker, the Court has diversity jurisdiction.[1] In their motion to remand, the Maguires contend remand is required because Kaker is a proper party. Metropolitan contends Kaker is improperly joined, and this Court has diversity

---

[1] The parties also agree the amount on controversy exceeds $75,000.

jurisdiction. Thus, the resolution of the Maguires' motion to remand turns on whether the Maguires' improperly joined Kaker to this lawsuit.

To establish improper joinder, a defendant must show: (1) actual fraud in the jurisdictional pleadings of the facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There is no allegation of actual fraud in the Maguires' pleading of jurisdictional facts. Metropolitan instead seeks to establish improper joinder under the second prong: by showing the Maguires cannot establish a cause of action against Kaker. To do so, Metropolitan must prove "there is no reasonable basis for the district court to predict that [the Maguires] might be able to recover against the [Kaker]." *Id.* This determination is made under the 12(b)(6) federal pleading standard. *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp., Ltd*, No. 14-20552, 2016 WL 1274030, at *6 (5th Cir. Mar. 31, 2016). In other words, if a plaintiff's claims against a non-diverse defendant can survive a 12(b)(6) motion to dismiss, joinder is proper, and the case should be remanded. *Smallwood*, 385 F.3d at 573.

In addition to bringing several statutory and common law causes of action, the Maguires' state court petition contends that Kaker violated the Texas Insurance Code. In support of their contentions, the Maguires allege numerous factual discrepancies between Kaker's report and the Independent Adjuster's report.

4

Specifically, the Maguires' allege the following facts in their original state court petition: (1) the Independent Adjuster found damage to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system; (2) the storm compromised the integrity of the roof, resulting in water damage to the kitchen, hallway, bedroom, loft, and entry; (3) the Independent Adjuster documented several instances of hail and wind damage, while Kaker concluded the damage resulted from normal wear and tear and a separate claim; (4) the Independent Adjuster recorded his findings in over fifty color photographs, while Kaker failed to provide similar documentation; and (5) the Independent Adjuster's estimate totaled $33,805.28 compared to Kaker's estimate of $1,093.66.[2]

The Maguires' allegations of discrepancies regarding the number of items, the overall extent, the sources, and the total cost of the damage constitute more than formulaic recitations of the law. *See Robinson v. Allstate Tex. Lloyds*, No. H–16–1569, 2016 WL 3745962, at*2 (S.D. Tex. July 13, 2016) (Atlas, J.) (finding the discrepancy in the number of damaged items and total cost of two insurance adjusters' reports sufficient to predict the plaintiff could recover in state court); *Jimenez v. Allstate Tex. Lloyds*, No. H–16–1465, 2016 WL 6831021, at*4 (S.D. Tex. Nov. 12, 2016) (Miller, J.) (finding the plaintiff's inclusion of a list of damaged items, which the plaintiff believed the insurance adjuster had excluded or

---

[2] *Plaintiffs' Original Petition,* Document No. 6, Exhibit A ¶¶ 14-19. The petition does not indicate the specific items that Kaker concluded were damaged due to the storm.

undervalued, provided a sufficient factual basis to recover under the Texas Insurance Code). The Court, therefore, finds the Maguires have properly pleaded a viable claim to relief against Kaker, making Kaker's joinder in this case proper.[3] Thus, the parties are not diverse, and this Court lacks subject matter jurisdiction. Accordingly, the Maguires' motion to remand is granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiffs' Motion to Abstain and Remand (Document No. 6) is **GRANTED.**

SIGNED at Houston, Texas, on this __17__ day of November, 2017.

DAVID HITTNER
United States District Judge

---

[3] Consequently, the Court need not analyze the sufficiency of the Maguires' additional claims against Kaker. *See Gray ex. rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.").